# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BALTIMORE LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EMILY P. TORRES, et al.,<br><br>Defendants. | Case No. 1:21-cv-01001-DAD-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE IN WRITING WHY MONETARY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY<br><br>**DEADLINE: MAY 31, 2022** |

Plaintiff Baltimore Life Insurance Company initiated this interpleader action on June 24, 2021, naming Defendants Emily P. Torres, individually and as Trustee for the Torres Revocable Living Trust; Joe R. Torres, Jr.; and Jerry R. Torres. (ECF No. 1.) On November 22, 2021, the Court granted Plaintiff's motion for leave to amend and to serve by publication. (ECF No. 14.) The Court ordered that: "Plaintiff shall publish this order in a newspaper of general circulation in Kern County and an additional newspaper of national circulation once a week for six consecutive weeks, with the first publication to be made within **fourteen (14) days of the date of entry of this order.**" (ECF No. 14 at 11 (emphasis in original).) A series of supplemental filings ensued that the Court need not recount here, but incorporates by reference to the docket. At bottom, Plaintiff filed a motion for relief from the Court's November 22, 2021 order (ECF No. 21) and on May 4, 2022, the Court issued an order granting Plaintiff relief from the national publication

requirement of its November 22, 2021 order, vacating all matters and requiring Plaintiff to file dispositional documents within twenty-one days of entry of the Court's order, that is, by May 25, 2022.  (ECF No. 26.)  The Court notes that the deadline to file dispositional documents has expired, but nothing has been filed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000).

The Court shall require Plaintiff to show cause why monetary sanctions should not issue for the failure to file dispositional documents in compliance with its May 4, 2022 order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause in writing **no later than May 31, 2022**, why monetary sanctions should not issue for the failure to file dispositional documents as required by the May 2, 2022 order; and

2. Failure to comply with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated:   **May 26, 2022**

UNITED STATES MAGISTRATE JUDGE